THOMPSON (CENTRAL OHIO R. R. v.). See Case No. 2,550.

---

## Case No. 13,950.

THOMPSON et al. v. CINCINNATI, W. & Z. R. CO.

[1 Bond, 152.] [1]

Circuit Court. S. D. Ohio.    Oct. Term, 1857.

SALE—CONTRACT—SHIPMENT—CARRIERS — NONDELIVERY—MEASURE OF DAMAGES.

1. Under a contract for the delivery of nine thousand tons of railroad iron, the contract is not complied with on the shipment of the iron.
[Cited in Hobbie v. Smith, 27 Fed. 662.]

2. Where five hundred and ninety tons of iron shipped under such a contract were lost at sea, the risk of the transportation was on the seller.

3. In estimating the loss of the purchaser, by reason of the non-delivery of the iron thus lost, the rule of damage is the difference between the contract price and the market value at the time and place of the delivery

[This was an action by Thompson and Foreman against the Cincinnati, Wilmington & Zanesville Railroad Company.]

Walker, Kebler & Force, for plaintiffs.
Henry Stanbery, for defendants.

OPINION OF THE COURT. This case involves the construction of a contract in writing entered into at the city of New York by the plaintiffs, through their agents, and Franklin Corwin, as agent and president of the Cincinnati, Wilmington and Zanesville Railroad Company, April 1, 1852. By

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

this contract, the plaintiffs, manufacturers of railroad iron in Wales, agreed to sell to the defendant 9,000 tons of railroad iron at $38 per ton; 2,500 tons of which was to be shipped to New Orleans on or before the 15th of September following, and 2,500 tons to be shipped to that place by the 1st of January following; the remaining 4,000 tons to be shipped to New York by the 1st of January following. It appears that the whole of the 9,000 tons of iron was shipped by the plaintiff, of which 590 tons were lost at sea. The remaining tons of iron were received by the defendant, and paid for according to the contract, with the exception of a balance of $24,827.25. The plaintiffs, in some of the counts of their declaration, claim payment for the whole 9,000 tons at the contract price. In some, they seek to recover only the said sum of $24,827.25, unpaid on the iron delivered, with the interest. In support of the claim for full payment of the 9,000 tons, it is insisted that under the contract the plaintiffs' obligation was complied with on the shipment of the iron, and that, on proof of shipment, they are entitled to judgment for the whole quantity at the contract price. Does the contract warrant this construction? It seems clear, taking the whole contract together, that the plaintiffs were bound to deliver the iron at the times and places mentioned, and that there was no obligation to pay until and unless it was delivered. Indeed, it is a part of the contract that defendant shall make payment for the iron as the same shall be delivered, implying that the delivery was a condition precedent to the obligation to pay. There is also an express obligation on the defendant to have an agent at the two places of delivery to receive the iron—from which the obligation to deliver is plain. All the circumstances of the case negative the presumption that it was the meaning of the parties that there was to be any payment till the delivery of the iron. Is the plaintiff entitled to recover the amount unpaid on the iron delivered? The defendant has given notice that he will claim as a set-off to this, the damages sustained by him, by reason of the non-delivery of the 590 tons of iron lost at sea. It is agreed that between the date of the contract and the latest date mentioned for the delivery of the iron, the market value had risen to $72.50 the ton. If the contract is for the delivery of the iron, it follows that the plaintiff is liable for damage sustained by defendant for the non-delivery. The risk of the transportation was on the plaintiff.

The rule of damage in such case is the difference between the contract price and the market value at the time and place of the delivery. It is to be inferred, from the fact that defendant contracted for 9,000 tons, that the whole was necessary for his purposes, and it is shown that he was obliged to buy the deficient quantity at the then market price. He is damaged, therefore, to the amount that he is obliged to pay beyond what he had contracted to pay. It can make no difference, in the view taken of this contract, that the plaintiffs shipped the iron, and that it was lost at sea. Such loss is his misfortune, but is no answer to the contract to deliver. Deducting the damage sustained by the defendant for the non-delivery of the 590 tons, there is still a balance due the plaintiffs, for which judgment will be entered. This balance is $4,472.25, with interest from December 24, 1853.